UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LESLIE G.,[1]

        Plaintiff,

  v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

        Defendant.

Civil No. 2:22cv369

## FINAL ORDER

Plaintiff Leslie G. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Social Security Commissioner ("Commissioner") denying her claim for a period of disability and disability insurance benefits under the Social Security Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, and by order of reference dated November 10, 2022 (ECF No. 11), this matter was referred to United States Magistrate Judge Robert J. Krask for a Report and Recommendation.

In a Report and Recommendation filed March 8, 2023, the Magistrate Judge recommended that Plaintiff's Motion for Summary Judgment (ECF No. 13) be denied

---

[1] In accordance with a committee recommendation of the Judicial Conference, the Plaintiff's last name has been redacted for privacy reasons.

and that the Commissioner's Motion for Summary Judgment (ECF No. 15) be granted. ECF No. 18.

By copy of the Report and Recommendation, each party was advised of the right to file written objections to the findings and recommendations made by the Magistrate Judge. *Id.* at 35. The Court received Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (ECF No. 19) and the Commissioner's Response thereto (ECF No. 20).

Plaintiff makes one objection, in which she contends that the Report and Recommendation should be rejected based on intervening authority from the Fourth Circuit in *Shelley C. v. Comm'r*, 61 F.4th 341 (4th Cir. 2023). The Court understands Plaintiff's argument to be that, under *Shelley C.*, the ALJ erred in determining that Plaintiff had a "moderate" impairment in CPP (concentrating, persisting, or maintaining pace) because, in doing so, the ALJ improperly relied on a lack of objective evidence regarding Plaintiff's bipolar disorder and anxiety disorder. Pl.'s Obj. at 2, ECF No. 19.

This issue, however, was never raised before the Magistrate Judge. Plaintiff's appeal before the Magistrate Judge focused exclusively on errors in the ALJ's RFC determination at Step 4 of the sequential inquiry and the ALJ's consideration of vocational expert testimony at Step 5. *See* Pl.'s Br. Supp. Mot. Summ. J. at 9–14, ECF No. 14. Indeed, Plaintiff's arguments took the finding of "moderate" impairment in CPP as a given and proceeded to argue other errors "despite" that finding. *See id.* at 9 ("The ALJ Committed Reversible Legal Error as He Did Not Include Any Limits on

Pace in the RFC Despite Finding "Moderate" Impairment in CPP."). In other words, before the Magistrate Judge, Plaintiff focused on Steps 4 and 5 and did not challenge the ALJ's determination of moderate limitations in CPP at Step 3. Accordingly, neither the Commissioner nor the Magistrate Judge addressed this issue. *See* Comm'r's Mem. Supp. Mot. Summ. J., ECF No. 16; Report and Recommendation, ECF No. 18. The Court notes that, although *Shelley C.* may provide new authority on this issue, the issue itself was available to be raised had the Plaintiff chosen to do so.

By failing to raise the issue that is now the basis of her objection upon initial review, the Plaintiff has forfeited the right to *de novo* review on this issue. *See Jordan v. Berryhill*, No. 1:16cv951, 2018 WL 555716, at *1 (E.D. Va. Jan. 23, 2018) (citing *Samples v. Ballard*, 860 F.3d 266, 272–73 (4th Cir. 2017)); *see also, e.g., Burgess v. Berryhill*, No. 9:16cv3037, 2018 WL 1281482, at *2 (D.S.C. Mar. 13, 2018) (finding that plaintiff was not entitled to *de novo* review on objection that was based on "entirely different sequential step" from issue raised before magistrate judge) (citing *Samples*). Instead, the Court reviews Plaintiff's objection for clear error. Finding none, the Court overrules Plaintiff's objection.[2]

Accordingly, the Court, having reviewed the record and examined and ruled on the objections filed by Plaintiff to the Report and Recommendation, does hereby adopt and approve in full the findings and recommendations set forth in the Report and

---

[2] The Court notes that it would overrule the objection even were the issue before the Court for *de novo* review, as *Shelley C.* is distinguishable from the instant case for substantially the reasons stated in the Commissioner's response. *See* Comm'r's Resp. Pl.'s Obj. at 2–6, ECF No. 20.

3

Recommendation. It is, therefore, **ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**, the Commissioner's Motion for Summary Judgment (ECF No. 15) is **GRANTED**, the decision of the Commissioner is **AFFIRMED**, and this matter is **DISMISSED WITH PREJUDICE**.

The parties are **ADVISED** that an appeal from this Final Order may be commenced by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. This written notice must be received by the Clerk within sixty days from the date of this Final Order.

The Clerk is **DIRECTED** to please provide a copy of this Order to all parties.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

September 29, 2023
Norfolk, Virginia